**Benjamin R. Trachtman, Esq. [SBN 137458]**
**btrachtman@trachtmanlaw.com**
**TRACHTMAN & TRACHTMAN, LLP**
**19732 MacArthur Blvd., Suite 100**
**Irvine, CA 92612**
**Telephone: (949) 282-0100**
**Facsimile: (949) 282-0111**

Attorneys for Use-Plaintiff and Plaintiff SIEMENS INDUSTRY, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

THE UNITED STATES OF AMERICA, for the use and benefit of SIEMENS INDUSTRY, INC., a Delaware corporation; and SIEMENS INDUSTRY, INC., a Delaware corporation,

Plaintiffs,

vs.

ANTHEM BUILDERS, INC., a California corporation; BERKLEY INSURANCE COMPANY, a Delaware corporation; and DOES 1 through 100, Inclusive,

Defendants.

**CASE NO.**

**COMPLAINT FOR BREACH OF CONTRACT; COMMON COUNTS; QUANTUM MERUIT; AND RECOVERY ON MILLER ACT PAYMENT BOND**

Use-Plaintiff and Plaintiff SIEMENS INDUSTRY, INC. alleges as follows:

**PARTIES**

1. Use-Plaintiff and Plaintiff SIEMENS INDUSTRY, INC. (hereinafter "Plaintiff" or "SIEMENS") is, and at all times relevant to this action was, a

Delaware corporation, with its principal place of business in the State of Illinois and authorized and engaged in the business of furnishing and installing building management systems, HVAC controls and fire alarms systems. Plaintiff is and was licensed at all relevant times by the State of California to perform as described in this Complaint.

2. SIEMENS is informed and believes, and based thereon alleges, that Defendant ANTHEM BUILDERS, INC. (hereinafter "ANTHEM") is, and at all times herein mentioned was, a California corporation with its principal place of business in the State of California located at 530 6th Street, Roseville, and was authorized to conduct business, as a general construction contractor, in the State of California.

3. SIEMENS is informed and believes, and based thereon alleges, that Defendant BERKLEY INSURANCE COMPANY ("BERKLEY") is, and at all times herein mentioned was, a Delaware corporation with its principal place of business located in Greenwich, Connecticut and was engaged in the business of issuing surety bonds in connection with construction projects and authorized to do business in the State of California.

4. Plaintiff is unaware of the true names, capacities, or basis for liability of Defendants DOES 1 through 100, inclusive, and therefore sues said Defendants by their fictitious names. Plaintiff will amend this Complaint to allege their true names, capacities, or basis for liability when the same has been ascertained. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 100, inclusive, and each of them, are in some manner liable to Plaintiff, or claim some right, title or interest in the subject property that is junior and inferior to that of Plaintiff, or both.

5. At all times relevant to this action, each Defendant, including those fictitiously named, was the joint venturer, agent, servant, employee, partner, or surety of the other Defendants and was acting within the scope of said venture,

agency, employment, partnership, or surety, with the knowledge, consent and ratification of each of the other Defendants in doing the things alleged herein.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction of this action under 28 U.S.C. §1331 because this action is filed pursuant to the Miller Act, 40 U.S.C. §§ 3131-3134.

7. Upon information and belief, this Court has jurisdiction pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and fees.

8. Upon information and belief, venue is proper in this District, pursuant to the Miller Act, 40 U.S.C. §§ 3131-3134, because the contract was performed and executed in this District.

**COMMON FACTUAL ALLEGATIONS**

9. Pursuant to Federal Government Solicitation Number 140G0318B003, on or about May 30, 2018, ANTHEM was awarded contract number 140G0318C0004 (hereinafter the "Prime Contract") by the United States Geological Survey (hereinafter "USGS") to construct the M2M Building 19 Tenant Improvements at Moffett Field, Roseville, California (hereinafter the "Project"). Due to the significant length of the document and to save paper, attached hereto and incorporated by reference hereat as Exhibit "1" is a true and correct copy of the relevant portion of the Prime Contract.

10. SIEMENS is informed, believes and therefore alleges that pursuant to the Miller Act, 40 U.S.C. §§ 3131-3134, ANTHEM, as principal, and BERKLEY, as surety, executed payment bond number 0213162 (hereinafter "Payment Bond"), to secure payment for all labor, materials, supplies and equipment furnished to the Project. Attached hereto and incorporated by reference hereat as Exhibit "3" is a true and correct copy of the Payment Bond.

///

**FIRST CAUSE OF ACTION**

**(Breach of Contract Against Defendant ANTHEM and DOES 1-50)**

11. Plaintiff realleges and incorporates by reference paragraphs 1 through 10, inclusive, of this Complaint as if repeated herein.

12. In or around June, 2018, Plaintiff and Defendant ANTHEM entered into two written subcontract agreements (collectively the "Contract") whereby, in one of the written subcontracts, Plaintiff agreed to provide ANTHEM with labor, services, equipment and/or materials associated with the Project's Building Automation/Management System Scope. In the other written subcontract, Plaintiff agreed to provide ANTHEM with labor, services, equipment and/or materials associated with the Project's Fire Alarm System scope. Both the Building Automation/Management System and Fire Alarm System scope were included in the same Prime Contractual scope between Defendant ANTHEM and USGS. For the Building Automation/Management System subcontract to the Contract, the parties agreed to a contract price of Three Hundred Eighteen Thousand, Four Hundred Ninety-Two Dollars and No Cents ($318,492.00). For the Fire Alarm System subcontract, the parties agreed to a contract price of Sixty Two Thousand, Three Hundred Dollars and No Cents ($62,300.00). Combined, both of the subcontracts (the Contract) totaled $380,792.00 in base contractual value. Defendant ANTHEM agreed to pay said contract price of $380,792.00. In exchange for the foregoing, Plaintiff supplied the above-described Building Management/Automation and Fire Alarm Systems labor, materials, service and equipment for the general construction improvements for the Project, the whole of which is necessary for the convenient use and occupation of the improvements thereon. Plaintiff's labor, services, equipment and materials were actually incorporated into the subject work of improvement and/or Project. Attached hereto and incorporated by reference hereat as Exhibit "2" is a true and correct copy of the relevant portions of the Contract.

13. Following execution of the Contract, Plaintiff dutifully completed its work in accordance with the Project's Plans and Specifications.

14. In addition to the base contract scope of work amount of $318,492.00, ANTHEM and Plaintiff agreed to increase the scope of Plaintiff's Fire Alarm Scope of work via Change Orders in the amount of $17,913.00. As a result of the Change Orders, the revised contract amount has increased to $398,705.00.

15. Otherwise stated, the reasonable and current market value of Plaintiff's work completed to date on the Project amounts to no less than $398,705.00. Of said amount, Plaintiff has only been paid the sum of $56,070.00 for the Fire Alarm System Scope. Plaintiff has not received any money for the Building Management/Automation Systems Scope of work performed. To date, Defendants owe Plaintiff no less than the sum of $342,635.00 for unpaid contract work provided to the Project including unpaid change order claims caused by ANTHEM's material breach of the Contract.

16. Plaintiff has performed all covenants, conditions and promises of the Contract except those obligations Plaintiff was prevented or excused from performing.

17. As a direct and proximate result of the breach of the Contract by Defendants, and each of them, Plaintiff has suffered damages in the sum of no less than $342,635.00, together with interest thereon at the legal rate.

18. Plaintiff is informed, believes, and therefore alleges that the Contract expressly provides for prevailing party attorney fees. Section 32 of the Contract provides in relevant part:

> **"32. <u>Attorneys' Fees</u>:**
> In the event that legal action is instituted in order to interpret or enforce any provision contained in this Subcontract, the prevailing party in such action shall be entitled, in addition to any other remedy available by applicable law or this Subcontract, to an award as and for any attorney's fees, expert witness fees, or any other costs normally

> associated with such an action, in an amount so as to compensate said prevailing party for any actual attorney's fees, expert witness fees or other such costs incurred in good faith. Said award shall be entered separately or as a portion of the award of the judge in any such action."

**SECOND CAUSE OF ACTION**

**(Open Book Account Against Defendant ANTHEM and DOES 1-50)**

19. Plaintiff realleges and incorporates by reference paragraphs 1 through 18, inclusive, of this Complaint as if repeated herein.

20. Within the last four years, at Moffett Field, Roseville, California, Defendant ANTHEM became indebted to Plaintiff on an open book account in the sum of $342,635.00.

21. No part of said balance has been paid, although demand therefore has been made, and there is now due, owing and unpaid the sum of at least $342,635.00, together with interest thereon at the legal rate.

**THIRD CAUSE OF ACTION**

**(Account Stated Against Defendant ANTHEM and DOES 1-50)**

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 21, inclusive, of this Complaint as if repeated herein.

23. Within the last four years, at Moffett Field, Roseville, California, an account was stated in writing by and between Plaintiff and Defendant ANTHEM, wherein it was agreed that Defendant ANTHEM was indebted to Plaintiff in a sum in excess of $342,635.00. No part of said sum has been paid, although demand therefore has been made, and there is now due, owing and unpaid the approximate sum of $342,635.00, with interest at the legal rate.

///

///

///

**FOURTH CAUSE OF ACTION**

**(Quantum Meruit Against Defendant ANTHEM and DOES 1-50)**

24. Plaintiff realleges and incorporates by reference paragraphs 1 through 23, inclusive, of this Complaint as if repeated herein.

25. Within the last two years, at Moffett Field, Roseville, California, Defendant ANTHEM became indebted to Plaintiff for labor, services and materials rendered and delivered by Plaintiff to Defendant ANTHEM, at its special insistence and request, and for which Defendant ANTHEM agreed to pay or is liable to pay the sum of $398,705.00, which is the reasonable value of said labor, services and materials provided by Plaintiff to Defendant ANTHEM for the Project. To date, Defendant ANTHEM has only paid Plaintiff the approximate sum of $56,070.00, leaving an unpaid balance due and owing in excess of $342,635.00.

26. No portion of said sum has been paid, although demand for payment of the balance has been made, and there is now due, owing and unpaid the sum of $342,635.00, with interest at the legal rate.

**FIFTH CAUSE OF ACTION**

**(Recovery on Miller Act Payment Bond by Plaintiff Against Defendants ANTHEM, BERKLEY and DOES 51-100)**

27. Plaintiff realleges and incorporates by reference paragraphs 1 through 26, inclusive, of this Complaint as if repeated here verbatim.

28. Plaintiff is informed and believes, and based thereon alleges, that Defendant ANTHEM, as principal, and Defendant BERKLEY, as surety, executed a payment bond (number 0213162), required by the Miller Act ("Payment Bond") in connection with the Project. The bond provides for payment in full of the claims of all claimants and is, by its terms, made to inure to the benefit of all claimants to give them a right of action to recover on the bond in this

action. Attached hereto and incorporated by reference hereat as Exhibit “3” is a true and correct copy of the Payment Bond.

29. As an entity with an express written contract with ANTHEM, Plaintiff has no legal obligation to serve a 90-Day Preliminary Notice pursuant to 40 U.S.C. § 3133(b)(1) and (2).

30. Plaintiff last furnished labor, services, materials, equipment or supplies to the Project on or about August 5, 2019, within one year preceding the date this Complaint was filed.

31. Plaintiff has performed and satisfied all conditions required to be performed as a prerequisite to recover on the Payment Bond, including all statutory requirements. Defendants owe Plaintiff no less than $342,635.00. Defendants have failed and refused to pay such amount despite repeated requests for payment.

32. Under the Miller Act, based on the Contract between Plaintiff and ANTHEM, Plaintiff is entitled to the award of reasonable attorney's fees in a sum to be fixed by the Court, for costs of suit, and for prejudgment interest thereon at the legal rate per California Law.

WHEREFORE, Plaintiff prays for judgment as follows:

**FIRST CAUSE OF ACTION**

1. For judgment against Defendant ANTHEM in an amount of not less than $342,635.00 in favor of Plaintiff;
2. For consequential damages according to proof;
3. For interest thereon, pursuant to California law, at the legal rate of ten percent (10%) per annum from the date of breach, according to proof, until paid;
4. For costs of suit herein incurred;
5. For prevailing party attorney’s fees per the Contract; and
6. For such other and further relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION**

1. For judgment against Defendant ANTHEM in an amount of not less than $342,635.00 in favor of Plaintiff;
2. For interest thereon at the legal rate of ten percent (10%) per annum, according to proof, until paid;
3. For costs of suit herein incurred;
4. For reasonable attorney's fees as permitted by contract and/or law; and
5. For such other and further relief as the Court deems just and proper.

**THIRD CAUSE OF ACTION**

1. For judgment against Defendant ANTHEM in an amount of not less than $342,635.00 in favor of Plaintiff;
2. For interest thereon at the legal rate of ten percent (10%) per annum, according to proof, until paid;
3. For costs of suit herein incurred;
4. For reasonable attorney's fees as permitted by contract or law; and
5. For such other and further relief as the Court deems just and proper.

**FOURTH CAUSE OF ACTION**

1. For judgment against Defendant ANTHEM in an amount of not less than $342,635.00 in favor of Plaintiff;
2. For interest thereon at the legal rate of ten percent (10%) per annum, according to proof, until paid;
3. For costs of suit herein incurred;
4. For reasonable attorney's fees as permitted by the contract or law; and
5. For such other and further relief as the Court deems just and proper.

///

///

**FIFTH CAUSE OF ACTION**

1. For the amount of the Bond described in the Fifth Cause of Action according to proof, but no less than $342,635.00, together with interest thereon at the legal rate until paid per California law;
2. For costs of suit herein incurred;
3. For reasonable attorney's fees as permitted by contract and/or Federal law; and
4. For such other and further relief as the Court deems just and proper.

USE-PLAINTIFF AND PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY.

DATED: June 9, 2020

**TRACHTMAN & TRACHTMAN, LLP**

*/s/ Benjamin R. Trachtman*

By:______________________________

Benjamin R. Trachtman
19732 MacArthur Blvd., Suite 100
Irvine, CA 92612
Email: btrachtman@trachtmanlaw.com
Telephone: (949) 282-0100
Facsimile: (949) 282-0111
Attorneys for Plaintiff SIEMENS INDUSTRY, INC.